```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON


JOHN WOLFE and
WOLFE CONSTRUCTION COMPANY, INC.,

        Plaintiffs


v.                                  Civil Action No. 2:07-0115

NATIONAL MEDICAL CARE, INC.
d/b/a FRESENIUS MEDICAL CARE
NORTH AMERICA,

        Defendant
```

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Wolfe and Wolfe Construction Company, Inc. (collectively "Wolfe") allege claims of malicious prosecution and abuse of process after being named by defendant National Medical Care ("Fresenius") in an earlier action before another district judge in this district alleging copyright infringement ("underlying action"). Wolfe and other defendants were ultimately awarded summary judgment in the underlying action. The instant action by Wolfe followed and the claims have resulted in a significant amount of briefing relating to discovery disputes.

These discovery disputes have now resulted in appeals by both Fresenius and Wolfe of the United States Magistrate Judge's April 24, 2009, memorandum opinion and order, which were filed respectively on May 4 and 5, 2009.  Fresenius also moved on May 11, 2009, to stay the challenged April 24, 2009, memorandum opinion and order.

The appeals arise from Wolfe's discovery requests relating to (1) the validity of Fresenius' copyright that was at issue in the underlying action, and (2) a settlement agreement and related documents that resolved an earlier malicious prosecution claim instituted by a co-defendant in the underlying action, namely, Dr. Julian L. Espiritu, Jr. ("Dr. Espiritu").  The magistrate judge heard the parties on April 20, 2009.

In addition to these two appeals, and Fresenius' motion to stay the April 24, 2009, memorandum opinion and order, Fresenius separately moved the undersigned, on February 20, 2009, to strike plaintiff's expert witness, Mr. Lynn J. Alstadt.[1]

---

[1] Wolfe moved on March 25, 2009, for leave to exceed the page limit for responding to Fresenius' motion to strike.  The court ORDERS that Wolfe's motion to exceed the page limitation be, and it hereby is, granted.

I.

Fresenius is a Delaware corporation that offers dialysis products, services, and care for patients with chronic kidney failure.  It operates 1,000 kidney dialysis clinics in North America and owns and operates two kidney dialysis clinics constructed by Wolfe in 1998 and 1999 in Putnam and Kanawha Counties.  In 2002, Wolfe served as the general contractor to construct a third kidney dialysis facility in South Charleston for an entity known as Greater Charleston Dialysis, PLLC (hereinafter "GCD"), under Dr. Espiritu's direction.  Fresenius and GCD are properly characterized as competitors.

On January 8, 2003, Fresenius instituted the underlying action against Dr. Espiritu and GCD, among others, alleging violation of federal copyright laws with respect to certain technical drawings owned by Fresenius, and allegedly used by the defendants in constructing GCD.  The drawings are referred to as the "Standard Details."  Fresenius eventually joined Wolfe and Uner Gokcen ("Gokcen"), along with his architectural firm, Architurk/Medarch, Inc., which had performed design work for Fresenius' West Virginia facilities and GCD.

On or about June 18, 2003, Wolfe contends that Fresenius amicably resolved its claims against Gokcen and his architectural firm. One component of the settlement was a June 18, 2003, jointly entered stipulation of facts between Gokcen and Fresenius. The stipulation included, <u>inter alia</u>, Gokcen's admission that he infringed Fresenius' copyright.[2] Following a brief discovery period, and a three-day evidentiary hearing on Fresenius' motion for a preliminary injunction, conducted on June 19 and 30, and August 28, 2003, the presiding district judge in the underlying action took that motion under advisement.

---

[2]Wolfe suggests a motivation for Gokcen's stipulation as follows:

> Gokcen's stipulation was part of a settlement agreement he entered with Fresenius for the portion of his insurance coverage that was not consumed by attorney fees and defense costs. Gokcen had $100,000 coverage limits under a "wasting policy": that is, a policy in which a total of $100,000 applied to both defense costs and liability coverage; and so the amount available for settlement declined as defense costs and attorneys fees increased. It appears that Gokcen entered the settlement based on financial considerations. Gokcen also agreed to appear at trial as requested by Fresenius. The Stipulation of Admitted Facts was signed by Gokcen on June 18, 2003, the day prior to the first day of the injunction hearing. Instead of calling Gokcen as a witness, Fresenius relied on the stipulation. Gokcen reportedly was in Chicago on June 19, 2003, the date of the hearing. Fresenius did not tender Gokcen to the defense for cross-examination.

(Defs.' Resp. to Mot. to Strike at 8).

On September 30, 2003, the presiding district judge denied the preliminary injunction as to Wolfe, Dr. Espiritu, and GCD, but granted it as to Gokcen and his architectural firm.  The memorandum opinion and order contains the following excerpts:

- "[A]s of October 16, 2000, Fresenius owned a valid copyright for the Standard Details as 'technical drawings.'"  <u>National Medical Care, Inc. v. Espiritu</u>, No. 2:03-0020, slip op. at 8 (S.D. W. Va. Sept. 30, 2003).

- The "defendants have not introduced evidence calling the validity of the copyright into question[,]" noting in particular that Fresenius had "provided the court with the copyright registration for the Standard Details[,]" without apparent challenge by defendants. <u>Id.</u>

- Gokcen "stipulated that he copied portions of the Standard Details while preparing GCD's Construction Drawings . . . . [which was deemed] direct evidence that Gokcen made unauthorized copies or reproductions of the Standard Details." <u>Id.</u>  It was further observed that, for purposes of the preliminary injunction motion, "defendants . . . [did] not offer[] any rebuttal evidence on th[e] point . . . ." <u>Id.</u>  This caused the court to find that Fresenius established a prima facie case of copyright infringement as to Gokcen's use of the Standard Details in the Construction Drawings.  (<u>Id.</u> ¶ .)

- Fresenius "failed to prove that [certain] . . . cabinets installed in GCD [we]re unauthorized copies of the Standard Details" because the GCD cabinets were not "substantially similar" to the cabinets drawn in the Standard Details.  <u>Id.</u> at 13-14.

- Wolfe, Dr. Espiritu, and GCD successfully "rebutted any evidence of copying presented by Fresenius" and "demonstrated that the cabinets were independently created . . . ." <u>Id.</u> at 18.

- Gokcen and Architurk Medarch Inc., were enjoined "from copying, reproducing, possessing, altering, selling, distributing, infringing, disclosing, or otherwise using Fresenius's copyrighted or confidential information." Id. at 19.

- Fresenius' motion for a preliminary injunction was denied as to Wolfe, Dr. Espiritu, and GCD inasmuch as it was determined that Fresenius was unlikely to "prevail on the merits against [those defendants]." Id.

On July 6, 2004, the presiding district judge addressed motions for summary judgment filed by Dr. Espiritu, GCD, Wolfe, and another party not relevant here. Neither Gokcen nor Architurk/Medarch, Inc. moved for summary judgment, perhaps due to the settlement. The July 6, 2004, memorandum opinion and order of the district judge, which granted judgment as a matter of law to the moving defendants, includes the following observations:

- "In preparing GCD's Construction Drawings, Gokcen copied portions of Fresenius's Standard Details, primarily relating to cabinetry. The copies of the Standard Details made by Gok[c]en in connection with the GCD project were not authorized by Fresenius, and therefore these copies infringed on Fresenius's copyright." National Medical Care, Inc. v. Espiritu, No. 2:03-0020, slip op. at 4 (S.D. W. Va. Jul. 6, 2004).

- "Gokcen admits that his actions infringed on Fresenius's copyright, and thus there is no question as to his liability." Id. at 5.

- "This court has previously found that Fresenius owns a valid copyright for the Standard Details as 'technical drawings.'" Id. at 6.

6

On October 4, 2004, Dr. Espiritu instituted an action against Fresenius for malicious prosecution and abuse of process. On October 14, 2005, the parties reached a settlement and reduced the terms to writing ("settlement agreement").

On February 21, 2007, Wolfe instituted this action against Fresenius. Wolfe alleges malicious prosecution and abuse of process stemming from the underlying action. Wolfe contends that Fresenius' claims were brought without legal or factual support and that during the lawsuit, "it became apparent that the action against [Wolfe] lacked a basis in law or fact, and was brought without probable cause." (Compl. ¶¶ 18, 20).

## II.

A.  Fresenius' Appeal of the Magistrate Judge's Order Requiring Disclosure

As noted by the magistrate judge, Wolfe propounded a request for production of documents as follows, with Fresenius' response immediately following:

> REQUEST NO. 2: Please produce all documents relating to the settlement of the case of <u>Julian L. Espiritu, Jr. et al. v. National Medical Care, Inc., d/b/a Fresenius Medical Care North America</u>, Civil Action No. 2:04-cv-1073, in the United States District Court for the Southern District of West Virginia, at Charleston,

7

> including but not limited to all drafts, correspondence and executed revisions thereof.
>
> RESPONSE: Fresenius objects to this Request on the basis that it is overly broad, ambiguous and seeks documents that are not relevant and not likely to lead to the discovery of admissible evidence.  This Request also seeks documents that are confidential and protected from disclosure by the attorney-client privilege and/or work product doctrine.

Wolfe v. National Medical Care, Inc., No. 2:07-0115, slip op. at 7 (S.D. W. Va. Apr. 24, 2009) (quoting Discov. Req.).

Respecting the settlement agreement, the magistrate judge concluded as follows:

> The court has reviewed the settlement agreement and finds that while it does require the parties to the agreement to keep it confidential, there are exceptions, including disclosure in response to a "discovery request."  The court finds that . . . [Wolfe has] posed a valid discovery request that seeks information relevant to the claims raised in the instant matter pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Id. at 21.  Fresenius appeals.

It seems questionable that the parties to the settlement agreement intended to impose a secrecy obligation upon Fresenius.  It is more likely that Fresenius was attempting to require silence by Dr. Espiritu instead.  This confidentiality term would have avoided disclosure of the sum of money paid to resolve his claim at a time when other potential plaintiffs, who

8

remained as defendants in the underlying action, were perhaps considering taking action against Fresenius as well. The language quoted by the magistrate judge above, which must be viewed in context, supports this conclusion:

> 10.  <u>The Espiritu Group will keep</u> the terms of this Agreement strictly confidential and will not disclose the terms of this Agreement to any person or entity which is not a Party or counsel for a Party, unless required to do so by court order, subpoena, discovery request or other compulsory process.

(Sett. Agmt. ¶ 10 (emphasis supplied)).

Assuming the settlement agreement does not impose a confidentiality obligation upon Fresenius, the question remains concerning whether it "is . . . relevant []or likely to lead to the discovery of admissible evidence . . . ." (Fresenius' App. Br. at 1). Wolfe has not responded to Fresenius' appeal. Wolfe's contention before the magistrate judge respecting disclosure of the settlement agreement, however, was that the settlement terms and amount, sources of payment and releases, and Fresenius' conduct all bore directly on the intentions and state of mind of Fresenius in its conduct of the underlying action.

The court has reviewed the settlement agreement, which was filed <u>ex parte</u> and under seal at the magistrate judge's direction. Contrary to Wolfe's contention, the document has no

9

bearing on Fresenius' initiation and prosecution of the underlying action.  The settlement agreement is neither admissible nor likely to lead to the discovery of admissible evidence.  The court, accordingly, ORDERS that the portion of the April 24, 2009, memorandum opinion and order of the magistrate judge requiring production of the settlement agreement be, and it hereby is, set aside.

B.   Motion to Strike Wolfe's Expert Witness Lynn J. Alstadt

On January 20, 2009, Wolfe submitted its disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3), noting Lynn Alstadt as an expert.  Mr. Alstadt opines as follows:

> Uner Gokcen did not infringe any copyrights of . . . [Fresenius] in preparing the drawings for . . . [GCD]. . . . [T]here was no infringement of the work which is the subject of . . . [the Standard Details] . . . .
>
> [The bulk of the Standard Details] . . . [is] functional, lacks originality, and is not protectable under the copyright law . . . .  To the extent that a Court may find any original, protectable subject matter in any portion of the . . . [Standard Details] that was copied by Mr. Gokcen, that copying does not constitute copyright infringement. . . because Mr. Gokcen did not copy a substantial portion of the . . . [Standard Details] or a substantial portion of the protectable portions of that work.

(Rep. of Lynn J. Alstadt at 4-5).

Based upon the presiding district judge's findings and conclusions in the underlying action, Fresenius contends that Mr. Alstadt's opinions are barred by the doctrines of claim and issue preclusion and, in the alternative, that his opinions contravene Federal Rule of Evidence 704 as impermissible legal conclusions. It contends that Alstadt's opinions, concerning whether the Standard Details were subject to copyright protection and then unlawfully infringed by Gokcen, were issues adjudicated on the merits and decided during the underlying action.

In the April 24, 2009, memorandum opinion and order, the magistrate judge concluded as follows: "the court finds that . . . [issue preclusion] bars discovery related to the validity of Fresenius' copyright." <u>Wolfe</u>, No. 07-115, slip op. at 20.  In its May 5, 2009, appeal, Wolfe states "Plaintiffs understand Magistrate Judge Stanley's Memorandum Opinion and Order to mean that collateral estoppel applies only to the issue of the validity of Fresenius's copyright, <u>and Plaintiffs do not appeal the Magistrate's Order in that regard</u>."  (Pls.' App. Br. at 3 (emphasis supplied)).  Wolfe thus now appears to concede that issue preclusion bars relitigation concerning whether the Standard Details were the subject of a valid copyright. Accordingly, the magistrate judge's ruling in that respect stands.

11

Regarding whether issue preclusion likewise bars Alstadt's opinion concerning Gokcen's infringement of Fresenius' copyright, there is a matter, not addressed by the parties, that must be resolved first.[3]  It appears the infringement ruling in the underlying action may have come after the settlement reached between Fresenius, Gokcen, and Architurk/Medarch, Inc.  The leading commentators on federal practice observe as follows:

> A partial settlement moots the settled claims . . . .
>
>     . . . .
>
> A partial settlement moots the issues involved in the settlement . . . . Settlement among some parties does not moot disputes among other parties . . . .

13B Charles A. Wright et al., Fed. Prac. & Proc. Juris.3d § 3533.2 (3rd ed. 2009).

The court is unaware of the details concerning the settlement between Fresenius, Gokcen, and Architurk/Medarch, Inc. It may be the case that the accord was not finalized at the time of either the preliminary injunction or summary judgment rulings in the underlying action.  See, e.g., Selcke v. New England Ins. Co., 2 F.3d 790, 791-92 (7th Cir. 1993)("Until the settlement becomes final, . . . the case is not moot, since the settlement

---

[3]The court discerns no error in the magistrate judge's ruling respecting the inapplicability of claim preclusion.  See Wolfe, No. 07-0115, slip op. at 16.

12

may never become final."). Further, unsatisfied conditions precedent may have existed prior to one or both of the rulings in the underlying action. See, e.g., id. In view of these uncertainties, the court is unable to resolve the propriety of applying issue preclusion principles to the infringement ruling made in the underlying action.[4]

It is, accordingly, ORDERED that Fresenius' motion to strike Alstadt as an expert witness be, and it hereby is, denied without prejudice to its refiling at the appropriate time as a motion in limine, with an accompanying discussion of the Article III concern previously expressed respecting the impact of the settlement reached between Fresenius, Gokcen, and Architurk/Medarch, Inc.[5]

---

[4] This ruling obviates the need to resolve Wolfe's competing appeal of the magistrate judge's memorandum opinion. Wolfe appealed "only to the extent and if that [memorandum opinion] can be read to hold by implication that . . . [issue preclusion] applies to the issue of . . . Gokcen's alleged copyright infringement." (Wolfe's App. Br. at 1). The court having deferred judgment on that matter pending further development, Wolfe's appeal is deemed moot.

[5] The court also withholds judgment respecting whether Alstadt's opinions concerning infringement contravene Rule 704 as impermissible legal conclusions. Further pretrial development may result in the narrowing or other refinement of Alstadt's opinions. The better course is to allow the matter to fully mature prior to ruling and resolve the matter, with the benefit of thorough pretrial development and the filing of appropriate in limine briefing in accordance with the deadlines imposed in the scheduling order.

III.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the April 24, 2009, memorandum opinion and order entered by the magistrate judge be, and it hereby is, affirmed, with the exception of that portion of the ruling requiring production of the settlement agreement, which is hereby set aside;

2. That the motion to stay the April 24, 2009, memorandum opinion and order be, and it hereby is, denied as moot; and

3. That Fresenius' motion to strike Alstadt as an expert witness be, and it hereby is, denied without prejudice to its refiling at the appropriate time as a motion in limine, with an accompanying discussion of the Article III concern previously expressed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: June 17, 2009

John T. Copenhaver, Jr.
United States District Judge

14